UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-22593-CIV-UNGARO/O'SULLIVAN

THOMAS E. STEWART,

    Plaintiff,

v.

VMSB, LLC,

    Defendant.

_____/

## ORDER

THIS MATTER came before the Court on the Defendant's Motion for Sanctions (DE# 63, 5/27/20). On May 27, 2020, the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida, referred this motion to United States Magistrate Judge John J. O'Sullivan pursuant to 28 U.S.C. § 636 (DE# 66). Having carefully reviewed the parties' filings and applicable law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Sanctions (DE# 63, 5/27/20) is DENIED on the grounds set forth below.

## ANALYSIS

I.    <u>The Sanction of Dismissal Is Not Warranted</u>

Relying upon this Court's inherent power and Rule 41 of the Federal Rules of Civil Procedure, the defendant seeks dismissal with prejudice of the plaintiff's complaint as a sanction for his continuous bad faith litigation and perjury. The defendant contends that two days after the plaintiff was terminated as an executive chef at the defendant's restaurant for performance and attitude issues, the plaintiff sent emails to the defendant's manager, Salem Mounayyer ("Mounayyer"), threatening the defendant and

Mounayyer as well as threatening to embarrass the Nakash family, if the defendant did not pay the plaintiff a generous severance package and allow him to resign.  In those emails, the plaintiff refers to the alleged policy of meal break deductions from employees' time cards, but he admits that he did not raise the alleged policy issue before Mounayyer terminated him.   Motion at 1 (DE# 67, 5/28/20) (Sealed). The defendant also points out that the plaintiff did not mention the alleged Fair Labor Standards Act ("FLSA") violations or retaliation as reasons for his termination in his unemployment claim with the Florida Department of Economic Opportunity ("FDEO"). Reply at 3 (DE# 82, 6/17/20); Reply at 3 (DE# 83, 6/17/20) (Sealed).  Five months after his termination from the defendant's restaurant, the plaintiff filed the complaint in this action asserting that he was fired in retaliation for complaining about alleged FLSA violations, namely that the defendant deducted "a half hour from each kitchen staff employee's time each day for a meal break even if the employee clocked out for that meal break or was unable to take a meal break during the subject shift." Motion at 1 (DE# 67, 5/28/20) (Sealed) at 1-2.  Additionally, the defendant argues that the plaintiff perjured himself to inflate his claimed damages by falsely testifying that he was paid approximately half of the salary he received during his subsequent employment at the Miami Shores Golf Club and that the plaintiff was laid off when the Miami Shores Golf Club witnesses testified that the plaintiff resigned.  Id. at 1-2.  Finally, the defendant argues that the plaintiff perjured himself by claiming damages that include injuries he suffered from an accident years before he worked for the defendant. Id.  The defendant contends that the plaintiff "continues to pursue his demonstrably frivolous claim against Defendant, including presenting perjured deposition testimony …. Id. The defendant

argues that the plaintiff's alleged FLSA violation is based on a policy that never existed.

The plaintiff argues that the defendant failed to provide clear and convincing evidence that the alleged instances of misconduct are sufficient to establish bad faith. Response at 2 (DE# 73, 6/10/20). Specifically, the plaintiff maintains that the documents related to the alleged policy (i.e. deductions for meal breaks) are misleading and that the reason for his termination and his claimed damages remain issues of fact. The plaintiff argues that the time records (DE# 63-6) upon which the defendant relies to support its position that no meal break deduction policy exists are "not the ones" that are kept in the course of a regularly conducted activity of the defendant and therefore should be disregarded by this Court "given their incomplete nature, the evident omission of information in them and their inadmissibility status." Response at 5 (DE# 73, 6/10/20) (citing Crystal Lopez Depo at pp. 7-8 (DE# 63-8)). In its reply, the defendant argues that the plaintiff fails to cite any authority for his meritless position that the time records are inadmissible. Reply at 2 (DE# 83, 6/17/20); cf. Plaintiff's Response at 4-5 (DE# 75-1, 6/10/20) (Sealed) (citing Crystal Lopez Deposition (DE# 63-8) Plaintiff's Deposition at pp.110-11, 238-240, and 284) (DE# 75-2, 6/10/20) (Sealed). The plaintiff maintains that the existence of the alleged policy, the reason for the plaintiff's termination, and the plaintiff's damages remain in dispute and present issues of fact that should be decided by the trier of fact. Response at 5-7 (DE# 73, 6/10/20); Response at 5-7 (DE# 75, 6/10/20) (Sealed) (citing Plaintiff's Deposition at pp.110-11, 238-240, and 284) (DE# 75-2, 6/10/20) (Sealed); see also Plaintiff's Deposition at pp. 203-204 (DE# 75-2, 6/10/20) (Sealed).

The parties agree that the Court's inherent power and Rule 41 of the Federal

Rules of Civil Procedure authorize sanctions including dismissal of an action with prejudice. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). In addition to its power under Rule 41, a federal court has the "inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (affirming the sanction of dismissal of an action by a party who filed his suit under a false name and maintained the deception up to the trial).

The Supreme Court has recognized that although dismissal of a lawsuit is a very severe sanction, it is well within the court's discretion. Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991). This authority, however, is qualified. In order to obtain a dismissal of an action with prejudice under Rule 41(b), the moving party must show with clear and convincing evidence that the aggrieving party shows a "'clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.'" Zocaras, 465 F.3d at 483 (quoting Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005)). This remedy, known as "last resort," is extraordinary. First, the Eleventh Circuit requires a finding of "bad faith." A bad faith claim will lie when an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). Second, the Eleventh Circuit has held that dismissal as a sanction is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming default judgment as a sanction for the

defendant's violations of explicit discovery orders).

The Eleventh Circuit's ruling in Byrne v. Nezhat, 261 F.3d 1075 (11th Cir. 2001) is instructive. In Byrne, the Eleventh Circuit explained that bad faith exists when a party "'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Id. at 1121 (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (citation omitted)). To determine if a suit is frivolous, "'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting Jones v. Texas Tech University, 656 F.2d 1137, 1145 (5th Cir. 1981)).

In Byrne, the Eleventh Circuit determined that a party's perjury "can be evidence of bad faith, if, for instance, there is other evidence in the record indicating that the statement[s] [were] made for a harassing or frivolous purpose.'" Byrne v. Nezhat, 261 F.3d at 1125. The Eleventh Circuit explained that false statements alone do not indicate bad faith. Id. Moreover, the Eleventh Circuit indicated that making false assertions in affidavits, sworn statements, and depositions do not conclusively establish a finding of bad faith. Id.

Lastly, dismissal as a sanction is reserved only for cases of egregious misconduct. In the Eleventh Circuit, "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). The Eleventh Circuit determined that

the sanction is drastic and therefore contingent on a finding of a clear pattern of willful contempt. Id. at 1340.

Here, the defendant did not establish that a lesser sanction would not suffice. This Court has indicated that granting the "ultimate sanction" rests upon the establishment that no lesser sanction will deter the behavior in question. Qantum Commc'ns Corp. v. Star Broad., Inc., 473 F. Supp. 2d 1249, 1276 (S.D. Fla. 2007) (citing Chemtall, Inc. v. Citi-Chem, Inc., 992 F. Supp. 1390, 1409 (S.D. Ga. 1998)). Because the defendant failed to show with clear and convincing evidence that the plaintiff acted in bad faith and that no lesser sanction would suffice as a deterrent, the sanction of dismissal is not warranted.

The present case is unlike the cases where dismissal with prejudice was warranted because fabrication of evidence as well as perjury were shown with clear and convincing evidence. See, e.g., McDowell v. Seaboard Farms of Athens, Inc., No. 95-609-CIV-ORL-19, 1996 WL 684140 (M.D. Fla. Nov. 4, 1996); Vargas v. Peltz, 901 F. Supp. 1572 (S.D. Fla. 1995). Here, the defendant has not shown bad faith with clear and convincing evidence. In the instant case, the evidence presents factual issues that should be resolved by a jury: whether the defendant had a policy deducting time for meal breaks to reduce overtime compensation (i.e. "meal break deduction policy"); whether the plaintiff complained to the defendant about the meal break deduction policy before he was terminated; whether the defendant's time records are incomplete; the reasons for the plaintiff's termination; and whether the plaintiff sustained lost wages and/or emotional damages from his termination from the defendant's restaurant that exclude compensation earned while the plaintiff was subsequently employed at the

- 7 -

Miami Shores Golf Club and emotional damages sustained by the plaintiff in an accident that occurred years before his employment at defendant's restaurant. The facts in dispute should be determined by the trier of fact. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Sanctions (DE# 63, 5/27/20) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this **13th** day of July, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE